LARS T. FULLER (No. 141270)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor,
K&D's SANTA CRUZ TIRE AND AUTO, INC.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

In re:

K&D's SANTA CRUZ TIRE AND AUTO , INC.

              Debtor

CASE NO.:  25-51258-MEH

**STIPULATION AS TO THE FINAL USE OF LIVE OAK BANKING COMPANY  CASH COLLATERAL**

CHAPTER 11
[Sub-chapter V]

Date:      Sept. 25, 2025
Time:      10:00 AM
Court:     Telephone or Video Only
Presiding: Honorable Elaine Hammond

Debtor K&D Santa Cruz Tire and Auto, Inc. ("Debtor"), by and through Lars T. Fuller of The Fuller Law Firm, P.C., its attorneys of record, and Live Oak Banking Company ("Creditor" or "Live Oak" hereinafter), by and through Bernie Kornberg of Miller Nash LLP, its attorney of record, hereby stipulate as to the final use of Creditor's collateral relating to Creditor's liens ("Cash Collateral Motion"), as follows:

*///*

*///*

*///*

<hr>

1

Stipulation as to the Use of Live Oak's  Cash Collateral

# I. RECITALS

A. On August 15, 2025, Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code in the Northern District of California - San Jose Division, thereby commencing the instant Chapter 11 Sub-Chapter V bankruptcy case, Case No. 25-51258-MEH ("Bankruptcy Case").

B. Debtor is engaged in the tire sale and automotive repair business.

C. A UCC-1 search of K&D's Professional Touch, Inc. (Debtor's prior name before the filing of a change of name with the California Secretary of State on June 26, 2024) and K&D's Santa Cruz Tire and Auto, Inc. reflects the following liens, with Live Oak in first lien positi0n:

| Date | Creditor | Filing No. | Collateral | Balance |
|---|---|---|---|---|
| 6-1-2022 | Live Oak Banking Co. | U220198611226 | Blanket except cash | 1,484722 |
| 6-3-2025 | Funding Metrics, LLC | U250146346331 | Blanket except cash | 72,709 |
| 6-10-2025 | RDM Capital | U250152749527 | Blanket except cash | 186,265 |
| 6-16-2025 | Kash Advance | U250155137219 | Blanket except cash | 128,148.20 |
| 7-9-2025 | Select Funding, LLC | U250168498036 | Blanket except cash | 181,325 |
| 6-2-2022 | Bridgestone Americas Tire Operations, LLC | U220198974446 | Tires | 20,067.97 |
| 7-1-2022 | Bank of the West (BMO Bank) | U220206948735 | Hunter 14K lb Scissor Rack package; Hunter Road Force Elite Balancer; Hunter TC39 Tire changer; MC 59 Bender; Champion dryer; 4 post lifts. | Lease current |

D. Debtor asserts that the lien for Bank of the West (now BMO Bank) relates to leased

2

Stipulation as to the Use of Live Oak's Cash Collateral

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

equipment . Debtor is current on payments and intends to continue making payments.

E.     Debtor asserts that Bridgestone America's Tire Operation relates to the ongoing sales of Bridgestone tires.

Debtor scheduled the following assets:

| Asset | Amount |
|---|---|
| Petty Cash | 1,000 |
| Cash-WFB | 277,651.57 |
| Accounts Receivable | 7,634.79 |
| General Inventory (Auto supplies) | 30,000 |
| Inventory- Tires | 12,000 |
| Equipment | 42,147.00 |
| Goodwill | 1,384,104 |
| **TOTAL** | **1,754,537.36** |

F.     On August 25, 2025, Debtor filed the herein motion for authorization to use the cash collateral of Live Oak and other "lenders".

## II.     STIPULATION

WHEREFORE Debtor and Creditor agree as follows:

1.     Debtor has, amongst other things, accounts receivable  inventory, equipment and goodwill and proceeds which are the cash collateral of Live Oak Banking Company ("Property" hereinafter).

2.     Live Oak agrees that Debtor may use its cash collateral to pay the normal operating expenses of the business, including payment of a salary to its principals Karl Ryan of $7,000 per month and Diane Ryan of $7,000, as set froth in the budget attached to the Cash Collateral Motion. Debtor shall make a payment of $18,008.29 ("Adequate Protection Payment") to Live Oak by the

3

fifteenth day of each and every month commencing on Sept. 15, 2025.

3. In the event of a default on any of the above-described provisions, Live Oak shall provide written notice to Debtor's attorney, indicating the nature of default. The written notice shall provide Debtor with an opportunity to cure the default within five (5) calendar days from the date of service of the Default Notice ("Cure Period"). If Debtor fails to cure the default by the expiration of the Cure Period, Live Oak may upload a Declaration of Default in which event Debtor may no longer use the cash collateral of Live Oak without further order of the Court or stipulation of the parties.

4. Live Oak Bank shall have and is hereby granted by Debtor, as adequate protection, post-petition security interests and replacement liens pursuant to sections 361 and 363(e) of the Bankruptcy Code ("Post-Petition Lien") in all of the Debtor's assets, including accounts receivable and inventory, and in the Debtor's DIP accounts, acquired after the Petition Date to the extent of any cash collateral used, with such liens being of the same extent, priority, and validity of Live Oak's pre-petition Security Interests, provided however such replacement liens shall not extend to any avoiding power claims arising under the Bankruptcy Code. Each Post-Petition Lien shall be granted priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code.

5. Live Oak's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest and all other rights in and/or with respect to the Property except as provided;

6. Live Oak reserves all rights to object to confirmation of the Plan, to file a Motion for Relief from the Automatic Stay, to file a Motion to Dismiss or Convert the Debtor's case, or to take any other action permitted by the provisions of the Bankruptcy Code;

7. Nothing in this Stipulation shall be construed as the modification or consent to a modification of Live Oak's Claims in any proposed Plan or otherwise.

8. In the event Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, the terms of this Stipulation shall be void.

9. The automatic stay is hereby lifted to the extent necessary for Live Oak to perfect

Case: 25-51258    Doc# 22    Filed: 09/11/25    Entered: 09/11/25 16:39:18    Page 4 of 5

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

and/or exercise any of its rights under the terms of this stipulation.

Dated:      Sept. 5, 2025              MILLER NASH.

                                    By:   *Bernie Kornberg*
                                    BERNIE KORNBERG
Attorney for Creditor LIVE OAK BANKING COMPANY

Dated:  Sept. 11, 2025              THE FULLER LAW FIRM, P.C.

By:  */s/ Lars T. Fuller*
LARS T. FULLER
Attorney for Debtor K&D's Santa Cruz Tire and Auto, Inc.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

5

Stipulation as to the Use of Live Oak's Cash Collateral